FIRST DEPARTMENT, JANUARY, 1968

(January 11, 1968)

█ FIRST NATIONAL CITY BANK, Respondent; v. BANKERS TRUST COMPANY, Defendant-Respondent-Appellant and Interpleading Plaintiff-Respondent-Appellant. IRVING TRUST COMPANY, Interpleaded-Defendant-Respondent; CHASE MANHATTAN BANK, Interpleaded-Defendant-Appellant-Respondent; et al., Interpleaded-Defendants.— Order, entered August 15, 1967, denying interpleaded-defendant-appellant-respondent's motion for interpleader relief, unanimously modified, on the law, to the extent of granting the cross motion of interpleaded-defendant-appellant-respondent, Chase Manhattan Bank, for summary judgment, and, as so modified, affirmed, with $50 costs and disbursements to said interpleaded-defendant-appellant-respondent and plaintiff-respondent First National City Bank payable by defendant-respondent-appellant Bankers Trust Company. Defendant Bankers Trust, by way of defense, alleges a claim for interpleader. One of the interpleaded defendants, Chase Manhattan Bank, cross-moved for summary judgment. It seeks the recovery of $40,000, the total of two checks drawn by Republic Textile Equipment Company on Chase, payable to Santone Construction Co. The signature of the maker of said checks had been forged. The proceeds thereof were credited to the account of Santone Construction Co. with Bankers Trust, and represented the last credit to the account. Prior to the time when the credit for the Chase check became final, Bankers Trust paid out of the Santone account several checks, leaving a balance therein of $111,232.02. No part of these payments was

derived from the amounts paid by Chase Manhattan. The application of the "first-in first-out" rule requires reimbursement as far as Chase Manhattan is concerned. (*Carson* v. *Federal Reserve Bank*, 254 N. Y. 218, 232.) Bankers Trust is not a bona fide holder as to Chase Manhattan since it has not parted with the money it received from Chase Manhattan. Concur — Botein, P. J., Capozzoli, Tilzer, Rabin, and McNally, JJ.